Bernardo **PELAEZ**, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 93–2225.

United States Court of Appeals,
Sixth Circuit.

Submitted March 18, 1994.

Decided June 20, 1994.

Richard M. Lustig (briefed), Lustig & Friedman, Birmingham, MI, for petitioner-appellant.

Eric M. Straus, Asst. U.S. Atty. (briefed), U.S. Dept. of Justice, Detroit, MI, for respondent-appellee.

Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.

RYAN, Circuit Judge.

Petitioner, Bernardo Pelaez, appeals the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The only issue on appeal is whether the district court erred in refusing to apply *Crosby v. United States*, —— U.S. ——, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), retroactively. We reverse.

## I.

The facts are straightforward and uncontroverted. In 1983, Pelaez was charged in a multi-count, multi-defendant indictment with distribution of cocaine and conspiracy to possess cocaine with the intent to distribute. On January 27, 1984, during a pretrial hearing at which the petitioner was present, the federal district court set a firm trial date of March 6, 1984. A week before trial, the government discovered that Pelaez had fled to Colombia. Despite the objections of Pelaez's attorney, the district court directed that a jury be impaneled, and that Pelaez be tried *in absentia*. The jury convicted Pelaez, but the district court withheld sentencing until Pelaez appeared. In 1989, Pelaez was returned to the United States, where he was eventually sentenced to thirteen years imprisonment.

Two months after this court affirmed Pelaez's sentence, the United States Supreme Court handed down its decision in *Crosby*, —— U.S. ——, 113 S.Ct. 748. The Court held that under Fed.R.Crim.P. 43, a defendant, who was voluntarily absent prior to the commencement of trial, may not be tried *in absentia*. Relying on *Crosby*, Pelaez filed a motion to vacate his sentence, which the district court denied. The parties agree that if *Crosby* is retroactive, Pelaez's conviction must be vacated. The only question is whether *Crosby* applies retroactively.

To answer that question, the district court applied the rule announced in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *Teague* holds that new rules should not be applied retroactively on collateral review unless they fit one of two narrow exceptions. The district court determined that *Crosby* established a new rule and that neither of the two exceptions applied. This appeal ensued.

## II.

Is the holding in *Crosby* a "new rule," such that it may not be applied retroactively on habeas review? Pelaez argues that *Crosby* is not a new rule because it is simply a restatement of the plain language of Fed.R.Crim.P. 43. The government disagrees, noting that, prior to *Crosby*, all circuits that addressed the issue of trying a defendant *in absentia* had upheld that practice.

The doctrine of retroactivity is easy to articulate, but not so easy to apply. The Supreme Court first articulated the present incarnation of the doctrine in the plurality opinion of *Teague*, 489 U.S. 288, 109 S.Ct. 1060. Since then, however, it has been adopted by a majority of the Court. Succinctly stated, the test holds that,

> [s]ubject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a "new rule." ... Though we have offered various formulations of what constitutes a new rule, put "meaningfully for the majority of cases, a decision announces a new rule 'if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.' "

*Gilmore v. Taylor*, —— U.S. ——, ——, 113 S.Ct. 2112, 2116, 124 L.Ed.2d 306 (1993)(quoting *Butler v. McKellar*, 494 U.S. 407, 412, 110 S.Ct. 1212, 1216, 108 L.Ed.2d 347 (1990)).

In *Gilmore*, the Supreme Court provided an analytical model to guide courts in determining whether a decision announces a new rule. First, the Supreme Court examined the decision that Taylor sought to apply to his case. Once the Court identified the relevant holding of that decision, it looked to the authority relied on in the decision to determine whether that authority dictated the result reached by the Court. If prior opinions dictated the result, then the ruling was not new and could be applied retroactively. If

the prior decisions did not dictate the result, the announced rule was new and could apply retroactively only if it met one of two narrow exceptions.

Since Pelaez seeks the benefit of the Supreme Court's holding in *Crosby,* our analysis begins with that decision. In April 1988, a federal grand jury indicted Michael Crosby and others on charges of mail fraud. Crosby was arrested and brought before a magistrate judge, where he pled not guilty. The magistrate judge released Crosby on bond, and Crosby subsequently appeared at several pretrial conferences. At one of these hearings, on August 15, 1988, the district judge informed the parties that trial was set for October 12, 1988. Crosby was present at another conference on September 30, when the judge again reminded the parties of the scheduled trial date.

Crosby failed to appear for trial on October 12, although his codefendants did appear. The district judge temporarily delayed trial while deputy marshals attempted to locate Crosby. Crosby was nowhere to be found, and the marshals reported that his house appeared to have been "cleaned out." The district court raised the possibility of proceeding without Crosby, but Crosby's attorney objected. Nonetheless, after several days of delay with no sign of Crosby, the government made a formal motion to try Crosby *in absentia.* The court granted the motion, finding that Crosby had been given adequate notice of the trial, that his absence was knowing and voluntary, and that requiring the government to either delay trial for all defendants or to try Crosby separately would present great difficulties for both the government and the court. The jury found Crosby guilty.

Crosby was arrested approximately six months later and was sentenced. He appealed his conviction arguing, among other things, that Fed.R.Crim.P. 43 requires his presence at the commencement of trial. Crosby rested his argument on the plain language of the rule, which states in pertinent part:

**(a) Presence Required.** The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

**(b) Continued Presence Not Required.** The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, *initially present,*

(1) is voluntarily absent *after the trial has commenced* (whether or not the defendant has been informed by the court of the obligation to remain during the trial)....

Fed.R.Crim.P. 43 (emphasis added).

The Eighth Circuit seemingly disagreed with the rather plain language of Rule 43, reasoning that

[w]e are satisfied that the language of Rule 43 does no more than restate the holding in *Diaz [v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912) ]. The reasoning in *Diaz* applies equally to the factual circumstances in this case where the defendant fails to appear for commencement of trial, as it does in the situation where the defendant appears at the commencement and then absconds. In both cases, the defendant waives his Rule 43 right to be present during trial when he voluntarily absents himself from the courtroom.

*United States v. Crosby,* 917 F.2d 362, 364 (8th Cir.1990), *rev'd by* —— U.S. ——, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993).

In *Diaz,* the defendant was present when his trial began but absented himself on two occasions during presentation of the government's case. Following his conviction, he argued on appeal that the trial court was without jurisdiction to proceed in his absence. The Supreme Court held:

[W]here the offense is not capital and the accused is not in custody, ... if, *after the trial has begun in his presence,* he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present, and leaves the court free to proceed with

the trial in like manner and with like effect as if he were present.

*Diaz*, 223 U.S. at 455, 32 S.Ct. at 254 (emphasis added).

The Eighth Circuit in *Crosby* bolstered its decision by noting that three other circuits had reached the same conclusion. *See United States v. Peterson*, 524 F.2d 167 (4th Cir.1975), *cert. denied*, 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99 (1976), and *cert. denied*, 424 U.S. 925, 96 S.Ct. 1136, 47 L.Ed.2d 334 (1976); *Government of Virgin Islands v. Brown*, 507 F.2d 186 (3d Cir.1975); *United States v. Tortora*, 464 F.2d 1202 (2d Cir.), *cert. denied*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972).

Crosby then appealed to the Supreme Court, which reversed the Eighth Circuit in a unanimous opinion. *Crosby*, —— U.S. ——, 113 S.Ct. 748. In a nutshell, the Court declared that Rule 43 means what it says, and that Crosby's plain language reading of the rule was correct. In addition to the plain language of the rule, however, the Court, at the government's urging, also looked to the history of the rule.

The Court's review of the common law revealed that the personal presence of the defendant was required at every stage of trial, with no exceptions. The Court explained that *Diaz* created a limited exception to the common law rule for a defendant who was present at the commencement of the trial and twice absented himself during the proceeding. The history of Rule 43 shows that the drafters intended to restate the law regarding the presence of the defendant as that law existed in 1944. Fed.R.Crim.P. 43 advisory committee's note. In other words, Rule 43 is the common law rule as modified by *Diaz*. The Supreme Court in *Crosby* declared that "[t]here is no reason to believe that the drafters intended the Rule to go further" than the limited exception created by *Diaz*. *Crosby*, —— U.S. at ——, 113 S.Ct. at 752. Thus, the history of Fed.R.Crim.P. 43 leads to the conclusion that a federal court cannot begin a trial in the absence of the defendant.

In the final portion of its opinion, the Court addressed the Eighth Circuit's conclusion that the rationale of *Diaz* applies equally well to the facts of *Crosby*:

While it may be true that there are no "talismanic properties which differentiate the commencement of a trial from later stages," ... we do not find the distinction between pre- and midtrial flight so far-fetched as to convince us that Rule 43 cannot mean what it says. As a general matter, the costs of suspending a proceeding already under way will be greater than the cost of postponing a trial not yet begun. If a clear line is to be drawn marking the point at which the costs of delay are likely to outweigh the interests of the defendant and society in having the defendant present, the commencement of trial is at least a plausible place at which to draw that line.

*Id.* (quoting *Brown*, 507 F.2d at 189). The Court concluded its opinion by declaring:

The language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial.

*Id.* —— U.S. at ——, 113 S.Ct. at 753.[1] Because Crosby was not present at the beginning of his trial, his conviction was invalid.

We have now completed the first three steps of the analysis. We have examined *Crosby*, identified the relevant holding, and examined the authority that supports the relevant holding. We must next perform the final step: determining whether the cited authority dictated the holding.

In *Crosby*, the Supreme Court relied upon the plain language of Rule 43 and the history of the rule to declare that Fed.R.Crim.P. 43(b)(1) establishes only a narrow exception to the common law rule regarding the pres-

1. In reaching its conclusion, the Supreme Court virtually ignored the three circuit cases other than *Crosby* that upheld the practice of trying defendants *in absentia*. The Court mentioned these opinions only in a footnote, and in the body of its opinion addressed the substance of the government's arguments, which tracked the reasoning of the Eighth Circuit in *Crosby*. In the course of its opinion, however, the Supreme Court refuted most of the arguments advanced by the other circuits in favor of extending the *Diaz* exception.

ence of a criminal defendant at trial and that the exception applies only when an accused is present at the commencement of trial. Consequently, the Court concluded that a federal criminal defendant must be present before trial can begin.

The Court's opinion reads more like a history lesson than an exercise in judicial interpretation. Indeed, the Court's final statement that "[t]he language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial," *Crosby,* — U.S. at —, 113 S.Ct. at 753, is tantamount to an explicit declaration that the holding in the case was dictated by precedent. Accordingly, we find that *Crosby* did not declare a new rule, and that the holding must therefore be applied retroactively. Pelaez was not present at the commencement of his trial, and the holding in *Crosby* declares that this procedure violated federal law. Accordingly, Pelaez deserves a new trial.

### III.

We **REVERSE** the judgment of the district court and **REMAND** with instructions that the district court grant Pelaez's section 2255 motion.