UNITED STATES of America,
Plaintiff–Appellee,

v.

David A. DASHNEY, Defendant–
Appellant.

No. 94–1136.

United States Court of Appeals,
Tenth Circuit.

April 12, 1995.

John M. Hutchins, Asst. U.S. Atty., Denver, CO (Henry L. Solano, U.S. Atty., with him on the brief), for plaintiff-appellee.

Richard L. Gabriel, Holme, Roberts & Owen LLC, Denver, CO, for defendant-appellant.

Before MOORE, ANDERSON, and TACHA, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

In 1990, a jury convicted David A. Dashney on two counts of violating 31 U.S.C. §§ 5322(a), 5324(3), and 18 U.S.C. § 2, by structuring cash transactions in order to evade currency reporting requirements. We later affirmed the conviction on Count 1 and reversed and vacated the conviction on Count 2 on the ground the structuring charged constituted one violation under *United States v. Davenport,* 929 F.2d 1169 (7th Cir.1991), *cert. denied,* 502 U.S. 1031, 112 S.Ct. 871, 116 L.Ed.2d 776 (1992). *United States v. Dashney,* 937 F.2d 532 (10th Cir.), *cert. denied,* 502 U.S. 951, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991). In affirming Count 1, we expressly rejected Mr. Dashney's contention a conviction under §§ 5322(a) and 5324(3) requires the government prove defendant knew of the reporting requirement and specifically intended to violate it. *Id.* at 540.

After he served his sentence, the Supreme Court decided *Ratzlaf v. United States,* —— U.S. ——, ——, 114 S.Ct. 655, 663, 126 L.Ed.2d 615 (1994), which held for a convic-

tion under §§ 5322(a) and 5324(3) "the jury had to find [defendant] knew the structuring in which he engaged was unlawful." Mr. Dashney then filed a petition in the district court to vacate his sentence under 28 U.S.C. § 2255. The district court denied relief, concluding under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), *Ratzlaf* announced a new rule which neither applied retroactively nor fell within either of *Teague's* exceptions. In this appeal, Mr. Dashney challenges that holding, urging *Teague* is inapplicable to bar relief. We agree, reverse the district court, and remand for proceedings prompted by our conclusion.

Although conceding a denial of relief "would appear to violate principles of equity," the government reinforces the district court's determination with a two-pronged argument: first, the principle of judicial finality must be preserved; and, second, *Ratzlaf* announced a new rule of law, contravening "a majority of circuit precedent." However, Mr. Dashney contends *Teague* is inapplicable because *Ratzlaf* did not announce a new rule of constitutional criminal procedure but only "declared what the law meant from the date of its enactment." Mr. Dashney relies on *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), and *United States v. Shelton,* 848 F.2d 1485 (10th Cir.1988), which he asserts represent the substantive standard to determine retroactivity.

Indeed, *Ratzlaf* is "a substantive non-constitutional decision concerning the reach of a federal statute." *Shelton,* 848 F.2d at 1489. Our retroactivity analysis, thus, differs "from the situation that gives rise to the analysis set forth in *Teague*— ... retroactive application of new rules of criminal procedure." *United States v. McClelland,* 941 F.2d 999, 1001 (9th Cir.1991).

What *Ratzlaf* did was articulate the substantive elements which the government must prove to convict a person charged under §§ 5322(a) and 5324(3). That is, it explained what conduct is criminalized. This is a substantive change in the law mandating retroactivity because "a statute cannot 'mean one thing prior to the Supreme Court's interpretation and something entirely different afterwards.'" *Shelton,* 848 F.2d at 1489 (quoting *Strauss v. United States,* 516 F.2d 980, 983 (7th Cir.1975)).[1]

In this context, principles of judicial finality, which the government urges and the district court observed, are irrelevant. Surely, if a defendant's "conviction and punishment are for an act that the law does not make criminal[,] [t]here can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'present[s] exceptional circumstances' that justify collateral relief under § 2255." *Davis,* 417 U.S. at 346, 94 S.Ct. at 2305 (quoting *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).[2]

Nevertheless, in holding the district court incorrectly applied *Teague,* we make no comment on the sufficiency of the evidence presented or the jury instructions, areas touched during oral argument. With this caution, we **REVERSE** the district court's order dismissing the petition with prejudice and **REMAND** for the district court to consider Mr. Dashney's § 2255 motion on the merits.

---

**1.** Although the government distinguishes *Shelton* because it dealt with another statute and it did not contest retroactivity, it agrees if *Shelton's* "rationale applies here, then the defendant should be given his relief." That result is inescapable.

**2.** We note the government does not contest Mr. Dashney's raising this challenge to his conviction under § 2255.