**Craig Wines OLIVER, Movant,**

v.

**UNITED STATES of America, Respondent.**

**No. 1:95–CV–134.**

United States District Court, W.D. Michigan, Southern Division.

Oct. 5, 1995.

James R. Redford, Asst. U.S. Attorney, Michael H. Dettmer, United States Attorney, Grand Rapids, MI, for respondent.

Craig Wines Oliver, FCI–PA, Federal Correctional Institution, Bradford, PA, Pro Se.

David A. Dodge, David A. Dodge, PC, Grand Rapids, MI, for movant.

## OPINION

ROBERT HOLMES BELL, District Judge.

This matter comes before the Court on Movant Craig Wines Oliver's motion under 28 U.S.C. § 2255 to vacate the sentence that was imposed upon him by this Court on June 5, 1992. Oliver contends he should be resentenced using the principles established by recent decisions.

### I.

On February 12, 1992, Oliver entered a plea of guilty to one count of manufacturing marijuana in violation of 21 U.S.C. § 841. He was sentenced, to 150 months in prison, followed by 5 years supervised release. The Court also imposed a fine of $30,000, and a $50 mandatory special assessment.

Oliver contends his sentence should be vacated and he should be resentenced in accordance with the principles established by two recent Sixth Circuit Court of Appeals decisions: *United States v. Stevens*, 25 F.3d 318 (6th Cir.1994), relating to the method for determining the quantity of marijuana involved in the offense, and *United States v. Morrison*, 983 F.2d 730 (6th Cir.1993), relating to acceptance of responsibility.

### II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. "To prevail under § 2255, Petitioner must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A petitioner may not raise claims in a § 2255 motion of even constitutional or jurisdictional magnitude to which no contemporaneous objection was made or which were not presented on direct appeal, unless he can show good cause excusing his failure to raise the issues previously and actual prejudice resulting from the alleged errors. *Id.* at 167–68, 102 S.Ct. at 1594; *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir.1989).

### III.

Prior to sentencing, this Court held an evidentiary hearing to determine the quantity of marijuana involved in Oliver's offense. Based upon evidence that the police seized over 400 plants from the rafters of Defendant's garage in 1990 and that Defendant had grown at least as many plants in 1989, this Court determined that Defendant Oliver had grown between 700 and 1000 plants in 1989 and 1990.

The drug equivalency provisions in § 2D1.1 of the Sentencing Guidelines provide in pertinent part that "[i]n the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana." Applying this provision, this Court determined that Oliver manufactured between 700 and 1000 kilograms of marijuana, which resulted in a base offense level of 30.

On appeal Oliver objected to this Court's application of the equivalency provision because the plants were not discovered in an unharvested state. The Court of Appeals found no error in this Court's findings regarding the number of plants grown, and did not reach the legal issue under § 2D1.1.[1] *United States v. Oliver*, No. 92–1718, 989 F.2d 501 (Table) (6th Cir. Mar. 10, 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1048, 127 L.Ed.2d 371 (1994).

It was not until 1994, in *Stevens, supra*, that the Sixth Circuit directly addressed the question of the applicability of the equivalency provision to harvested plants. In *Stevens* the defendant was convicted of conspiracy to possess with intent to distribute marijuana. The trial court had used the number of plants and the 1 KG equivalency provision of § 2D1.1 in calculating his sentence. 25 F.3d at 320. On appeal the Sixth Circuit vacated the sentence and remanded for resentencing. The Court reasoned that the stepped-up punishment in the equivalency provision applies only to live plants that are found. For marijuana that has been harvested, the guidelines punishment should be based upon the actual weight of the controlled substance. *Id.* at 321.[2]

The Supreme Court denied Oliver's petition for certiorari on February 22, 1994. *Stevens* was decided by the Sixth Circuit on May 31, 1994, three months after Oliver's conviction and sentence had reached absolute finality. Oliver contends, nevertheless, that *Stevens* should be applied retroactively, and

that he should be resentenced based upon the usable output of the marijuana, and not on the number of "plants."

■ A prisoner seeking habeas corpus relief generally cannot benefit from a new rule announced after the prisoner's conviction has become final. In *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), in a plurality opinion, the Supreme Court first announced the principle that new rules should not be applied retroactively on collateral review unless they fit one of two narrow exceptions. One exception applies if the new rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, and the other applies if the new rule requires the observance of those procedures that are implicit in the concept of ordered liberty. *Id.* at 311, 109 S.Ct. at 1075.

■ The doctrine of nonretroactivity has subsequently been adopted by a majority of the Supreme Court, and has been restated as follows:

Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a "new rule." ... [A] decision announces a new rule "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final."

*Gilmore v. Taylor*, —— U.S. ——, ——, 113 S.Ct. 2112, 2116, 124 L.Ed.2d 306, 316 (1993) (citations omitted).

Oliver contends that the "new rule" analysis set forth in *Teague* and its progeny has no application to his situation because his claim is not brought under § 2254 and because his claim is based upon substantive criminal law rather than upon constitutional criminal procedure.

Oliver contends that the *Teague* analysis was developed in § 2254 cases where comity

---

1. The Sixth Circuit also left the question of the applicability of the equivalency provision to harvested plants open in *United States v. Zimmer*, 14 F.3d 286, 290 n. 3 (6th Cir.1994).

2. *Stevens* did not involve a conviction for manufacturing marijuana. Whether the rule announced in *Stevens* would even apply to a conviction for manufacturing is an open issue, but it does not need to be addressed at this time.

principles come into play, and that it should not be extended to cover § 2255 cases where comity is not a concern.

■ The Court is not persuaded by Oliver's reasoning. *Teague* was based upon two policy considerations—finality of criminal convictions as well as comity. 489 U.S. at 308–10, 109 S.Ct. at 1074–75. Although comity is not at issue in § 2255 cases, the interest in finality of criminal convictions is as great in § 2255 cases as it is in § 2254 cases. Because of the similarities between the relief available under § 2254 and § 2255, case law decided under one section is generally applicable to the other. *See Reed v. Farley,* — U.S. —, —, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277, 292 (1994); *Metheny v. Hamby,* 835 F.2d 672, 673–74 (6th Cir.1987), *cert. denied,* 488 U.S. 913, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988). The Sixth Circuit has in fact applied the *Teague* retroactivity analysis in a § 2255 case. *See Pelaez v. United States,* 27 F.3d 219 (6th Cir.1994). Other courts which have been faced with the issue have also routinely applied *Teague* to § 2255 cases, with or without discussion. *See, e.g., Van Daalwyk v. United States,* 21 F.3d 179, 181–83 (7th Cir.1994); *United States v. Salerno,* 964 F.2d 172, 176–77 (2d Cir.1992); *United States v. Judge,* 944 F.2d 523, 525 (9th Cir.1991), *cert. denied,* 504 U.S. 927, 112 S.Ct. 1988, 118 L.Ed.2d 585 (1992). In fact, this Court is aware of no court which has declined to apply the *Teague* analysis on the basis that the case before it was filed under § 2255 rather than § 2254.

The more significant issue raised by Oliver's motion is whether the *Teague* analysis only applies to the retroactive application of new rules of constitutional criminal procedure, or whether it also applies to a nonconstitutional decision concerning the reach of a federal statute or, in this case, the Sentencing Guidelines.

This Court is aware that Oliver's distinction between procedural and substantive rules was suggested by the Sixth Circuit in *Callanan v. United States,* 881 F.2d 229 (6th Cir.1989), *cert. denied,* 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990). The Court held in *Callanan* that where an intervening change of law is such that the defendant was punished for an act that the law does not make criminal, the new rule of law must be applied retroactively in postconviction proceedings. *Id.* at 231–32. In a footnote the Court noted that *Teague* was not controlling because it only addresses the retroactivity of "new constitutional rules of criminal procedure." *Id.* at 232 n. 1.

This distinction was also applied by the Tenth Circuit in *United States v. Dashney,* 52 F.3d 298 (10th Cir.1995). In *Dashney* the defendant was convicted under federal law for structuring cash transactions. After his conviction became final the Supreme Court decided in *Ratzlaf v. United States,* — U.S. —, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994), that under the federal structuring statute, a conviction required proof that defendant knew the structuring in which he engaged was unlawful. The government had not been required to prove this element in *Dashney.* The Tenth Circuit held that *Ratzlaf* should be retroactively applied to Dashney's § 2255 motion to vacate sentence. In reaching this decision the Tenth Circuit expressly rejected the district court's *Teague* analysis because *Ratzlaf* involved "a substantive non-constitutional decision concerning the reach of a federal statute" rather than the "retroactive application of new rules of criminal procedure." *Dashney,* 52 F.3d at 299. The court reasoned that a substantive change in the law mandates retroactivity because "a statute cannot mean one thing prior to the Supreme Court's interpretation and something entirely different afterwards. *Id.* (quoting *United States v. Shelton,* 848 F.2d 1485, 1489 (10th Cir.1988) (internal quotation marks omitted). *See also United States v. Tayman,* 885 F.Supp. 832, 839 (E.D.Va.1995) ("Logic and precedent compel the conclusion that the distinction between substantive and procedural rulings is a critical one, and that *Teague's* analysis applies only to rules of criminal procedure.").

Similarly, in *Chambers v. United States,* 22 F.3d 939, 942 (9th Cir.1994), *vacated,* 47 F.3d 1015 (9th Cir.1995), the court held that the invalidation of the child pornography statute under which defendant had been convicted did not create a new rule, and that even if it did, *Teague* was not applicable to new sub-

stantive decisions rendering invalid a statute under which the person seeking collateral relief was previously convicted and punished. *Id.* at 942.

█ While these cases appear to support Oliver's position, it is evident upon review that limiting *Teague*'s application to "new rules of constitutional procedure" is not required by Supreme Court precedent and is not in line with Sixth Circuit precedent.

The issue raised and resolved in *Teague* was the retroactive application of new constitutional rules of criminal procedure. 489 U.S. at 299 & 316, 109 S.Ct. at 1069 & 1078. Nothing in *Teague* or subsequent Supreme Court cases, however, has specified that the *Teague* analysis is limited to new rules of constitutional criminal procedure. In fact, the language used by the Supreme court appears to be deliberately broad so as not to be limited to new rules of constitutional procedure. For example, in *Gilmore, supra,* the Supreme Court described the retroactivity rule under *Teague* and its progeny as follows: "Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a 'new rule.' " —— U.S. at ——, 113 S.Ct. at 2116, 124 L.Ed.2d at 316.

The Sixth Circuit has not limited *Teague* to new rules of *constitutional* procedure. The Sixth Circuit applied the *Teague* analysis to a new *non-constitutional* rule of criminal procedure in *Pelaez, supra.* In *Pelaez* the Sixth Circuit addressed the retroactivity of *Crosby v. United States,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), a Supreme Court decision which interpreted the requirements Fed.R.Crim.P. 43 regarding a defendant's presence at trial. Although *Crosby* involved the interpretation of a rule rather than a constitutional principle, the Sixth Circuit analyzed the retroactivity of the decision under the *Teague* analysis. 27 F.3d at 220–21.

The Sixth Circuit has also applied *Teague* to determine the retroactivity of a new *substantive* rule of law. In *Cain v. Redman,* 947 F.2d 817 (6th Cir.1991), *cert. denied,* 503 U.S. 922, 112 S.Ct. 1299, 117 L.Ed.2d 521 (1992), the Court applied the *Teague* analysis

to determine whether *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), could be retroactively applied in petitioner's federal habeas corpus action. In *Sandstrom* the Court ruled that a jury instruction containing a presumption that one intends the consequences of his voluntary actions unconstitutionally abridged the principles of presumption of innocence and allocation of burden of proof because it was susceptible of an interpretation that relieves the state of the burden of proving every element of the offense, including the element of intent, beyond a reasonable doubt. *Id.* at 514–24, 99 S.Ct. at 2454–59. *Sandstrom* represented a new rule of a substantive nature. The Sixth Circuit determined that *Sandstrom* did not fall within one of the two narrow exceptions to *Teague,* and that accordingly it could not be used retroactively to collaterally attack petitioner's sentence. *Cain,* 947 F.2d at 822.

It appears to this Court that despite the language in *Dashney* and *Chambers,* both cases can be reconciled with *Teague.* Neither decision had to reject the *Teague* analysis in order to justify the result of retroactively applying the new law. The Ninth Circuit recognized as much in *Chambers.* In a third alternative holding in *Chambers* the court noted that the new case was controlled by the first exception to *Teague's* non-retroactivity principle because it placed certain behavior beyond the power of the criminal law-making authority to proscribe. 22 F.3d at 943. By the same token, in *Dashney* the court was faced with a new decision which outlined a new substantive element for the government to prove to convict a person under the structuring statute. The court was concerned that there would be a miscarriage of justice if the defendant was convicted and punished for an act that the law does not make criminal. 52 F.3d at 299. In other words, the court was concerned that the new rule placed defendant's conduct beyond the power of the criminal law-making authority to proscribe. This is precisely the exception outlined in *Teague.*

Upon careful review of the Supreme Court's retroactivity cases that have followed

*Teague,*[3] this Court finds nothing to indicate an intention to limit their application to new rulings on procedural constitutional issues as opposed to substantive statutory issues. The *Teague*-analysis should not be limited to new rules of criminal procedure. The analysis applies equally to new rules affecting the substance of criminal laws. Where an intervening change of law is such that the defendant was punished for an act that the law does not make criminal, the first exception to *Teague's* non-retroactivity principle comes into play.

Applying the *Teague* analysis, this Court's first determination must be whether *Stevens* announced a "new rule." Oliver contends that the interpretation of a statute or a Sentencing Guideline does not involve the creation of a new rule, but only states what the statute or guideline meant from the day it was enacted. Oliver contends that statutory interpretation has always been retroactive.

■ As previously stated, *Teague* teaches that a new rule is one that is not dictated by precedent. The result in a given case is not dictated by precedent if it is "susceptible to debate among reasonable minds," *Butler v. McKellar,* 494 U.S. 407, 415, 110 S.Ct. 1212, 1217, 108 L.Ed.2d 347 (1990), or if "reasonable jurists may disagree."

■ The Sixth Circuit's decision in *Stevens* that the marijuana equivalency provision in the Sentencing Guidelines should be applied only to unharvested plants was not dictated by precedent existing at the time Oliver's conviction became final. Even today there is a split among the Circuit Courts on the issue of whether a manufacturing defendant can be sentenced by applying the 1kg/plant equivalency provision to previously harvested plants. *Cf. United States v. Wilson,* 49 F.3d 406, 409–10 (8th Cir.1995); *United States v. Wegner,* 46 F.3d 924, 927 (9th Cir.1995); *United States v. Haynes,* 969 F.2d 569, 572 (7th Cir.1992) (equivalency provision can be applied to previously-harvested plants) *to United States v. Blume,* 967 F.2d

45 (2d Cir.1992); *United States v. Osburn,* 955 F.2d 1500 (11th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 290, 121 L.Ed.2d 215 (1992). The Court is satisfied that *Stevens* articulated a "new rule" subject to the *Teague* non-retroactivity analysis.

This "new rule" does not place certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. It does not place defendant's conduct beyond the authority of Congress to proscribe or the Court to punish. Neither does it require the observance of those procedures that are implicit in the concept of ordered liberty.

■ Oliver's sentence is within the statutory maximum. It is consistent with the sentence he would receive today in other circuits. This is not an exceptional circumstance where retroactive application is necessary to prevent a miscarriage of justice.

**IV.**

■ Oliver's second contention in support of his motion to vacate his sentence is that he was denied acceptance of responsibility in large part because of his failure to admit responsibility for relevant conduct. He contends that this analysis is not proper in light of *Morrison, supra.* In *Morrison* the Sixth Circuit held that under § 3E1.1, the decision to grant or deny the 2 point reduction for acceptance of responsibility should be based upon acceptance of responsibility for the specific offense, rather than for illegal conduct generally. 983 F.2d at 735.

Oliver contends that pursuant to *Morrison* he should be given credit for acceptance of responsibility of the specific offense, without regard to his failure to admit responsibility for relevant conduct.

The issue of acceptance of responsibility was fairly presented on Oliver's direct appeal. The Sixth Circuit fully reviewed the record and stated that it agreed with the district court's assessment on the issue of

---

**3.** *See Gilmore v. Taylor,* —— U.S. ——, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993); *Stringer v. Black,* 503 U.S. 222, 227, 112 S.Ct. 1130, 1134, 117 L.Ed.2d 367 (1992); *Sawyer v. Smith,* 497 U.S. 227, 234, 110 S.Ct. 2822, 2827, 111 L.Ed.2d 193 (1990); *Butler v. McKellar,* 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990); *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).

acceptance of responsibility and found no clear error. *United States v. Oliver*, slip op. at *5–6.

■ A § 2255 motion may not be used to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law. *United States v. Prichard*, 875 F.2d 789, 790–91 (10th Cir.1989) (per curiam); *Barton v. United States*, 791 F.2d 265, 267 (2nd Cir.1986) (per curiam).

Contrary to Oliver's assertions, *Morrison* does not represent an intervening change in the law. It does not present a retroactivity issue. *Morrison* was decided on January 12, 1993, four months prior to entry of the decision on Oliver's appeal. Because the issue of acceptance of responsibility was disposed of on direct appeal, and because Oliver has not identified an intervening change in the law that would inure to his benefit, this issue will not be revisited in a § 2255 motion.

## V.

The files and records in this case conclusively show that Oliver is not entitled to the relief he seeks. Accordingly, for the reasons stated herein, Oliver's motion to vacate sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

### ORDER DENYING MOTION TO VACATE SENTENCE

In accordance with the opinion entered this date,

IT IS **HEREBY ORDERED** that Movant Craig Wines Oliver's motion to vacate, set aside or correct sentence (Docket # 1) pursuant to 28 U.S.C. § 2255 is **DENIED.**