UNITED STATES of America,
Plaintiff/Respondent,

v.

Mitcheal EDMONSON,
Defendant/Movant.

Nos. 89–10054–05, 95–3310–SAC.

United States District Court,
D. Kansas.

March 29, 1996.

Daniel E. Monnat, Monnat & Spurrier, Chartered, Wichita, KS, for petitioner.

James E. Flory, Office of United States Attorney, Kansas City, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On July 27, 1989, Richard Ray Lacey, Mary E. Friesen, Laura A. Klobuchar, Lee Ray Harper and Mitcheal Edmonson were indicted by a federal grand jury for conspiracy to distribute controlled substances and distribution of cocaine and marijuana. Prior to trial, Mary Friesen entered a guilty plea. On February 6, 1990, Lacey failed to appear at trial as ordered; Lacey was tried in absentia. Over the objection of the defendants, all of the defendants including Lacey were tried together.

The jury returned a verdict finding Lacey guilty on all counts. Mitcheal Edmonson was found guilty of one count of conspiracy to distribute cocaine, one count of possession with intent to distribute approximately 10 kilograms of cocaine, and one count of possession with intent to distribute approximately 2.25 kilograms of marijuana. Harper and Klobuchar were acquitted.

On May 17, 1990, the court entered a memorandum and order denying Edmonson's motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29 and his motion for a new trial pursuant to Fed.R.Crim.P. 33. *See United States v. Edmonson,* No. 89–10054–04, 1990 WL 81216 (D.Kan. May 17, 1990). On June 8, 1990, the court sentenced Edmonson to a primary term of incarceration of 121 months.

Edmonson's conviction and sentence were affirmed on appeal, although the fine imposed for the costs of incarceration was vacated. *See United States v. Edmonson,* 962 F.2d 1535 (10th Cir.1992). On appeal Edmonson argued, *inter alia,* that he had been prejudiced by the fact that Lacey was tried in absentia. The following is a complete excerpt of the relevant portion of the Tenth Circuit's discussion and rejection of that argument:

Edmonson urges that he was denied his right to a fair trial by the trial court's decision to proceed with the trial of Defendant Lacey in absentia and by the trial court's failure to grant Edmonson's Motion to Sever his trial from that of the absent Defendant. Defendant Edmonson first argues that the trial of Lacey in absentia violates Rule 43 of the Federal Rules of Criminal Procedure. The Appellant argues that that rule mandates the presence of a Defendant "at every stage of the trial . . . except as otherwise provided by this rule." Edmonson further asserts that the absence of codefendant Lacey was not permissible under either of the exceptions to Rule 43. The Appellant also asserts that although Rule 43(b) states that the continued presence of a Defendant is not required at trial and may be waived, the rule provides that the Defendant must be "initially present" and such requirement was not complied with in the instant case.

It is the position of the Defendant Edmonson that he suffered prejudice from the in absentia trial of codefendant Lacey and was thus deprived of his right to a fair trial. Edmonson urges that there was an adverse psychological impact on the jury as a result of the "dehumanizing of the absent defendant." Appellant's Brief, at 29. Appellant Edmonson asserts that in order to avoid the above-mentioned adverse psychological impact, his Motion for Severance should have been granted by the trial court.

In addressing the Appellant's contention that Rule 43 of the Federal Rules of Criminal Procedure mandates the Defendant's presence at trial except in certain limited situations, this Court is of the opinion that a Defendant's presence at trial may be

waived by his absence and that codefendant Lacey did in fact waive that right. *U.S. v. Wright,* 932 F.2d 868 (10th Cir. 1991). In *Wright,* one of the codefendants (Kirby) failed to appear for the proceedings and was tried in absentia. Kirby asserted that his Sixth Amendment rights were violated as a result of his trial in absentia, and urged that his conviction be reversed on that ground. This Court held unequivocally that "an accused has a Sixth Amendment right to be present in the courtroom at every stage of her or his trial, unless the right is waived, *Diaz v. United States,* 223 U.S. 442, 445, 32 S.Ct. 250, 253, 56 L.Ed. 500 (1912), ... Absence without compelling justification constitutes a waiver of the right to be present at trial...." *Wright,* 932 F.2d at 879, *citing United States v. Peterson,* 524 F.2d 167, 184 (4th Cir.1975), *cert. denied,* 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99 (1976).

This Court relied in *Wright* on Rule 43 of the Federal Rules of Criminal Procedure for the proposition that a Defendant's presence is not required if he or she "voluntarily absents [herself or] himself after the trial has commenced." There is no indication in the Wright case that Defendant Kirby was present for any stages of the trial. A footnote to the case states only that Defendant Kirby did not show up for the trial and was tried in absentia. Thus, obviously the fact that Kirby was not present at the initial stages of the trial did not preclude this Court from holding that he had nonetheless waived his constitutional right to be present during the proceedings. The same conclusion should be reached in the case at bar. The fact that codefendant Lacey was not present for any of the trial would not preclude the trial court from finding that he had waived his right to be present and trying him in absentia if other factors weighed in favor of such decision. [FN1]

FN1. In connection with this proposition, the Government urges that only Defendant Lacey, the Defendant who was actually tried in absentia, has standing to raise a violation of Rule 43. The Government asserts that Defendant Edmonson is impermissibly seeking to assert the rights of Defendant Lacey in this regard. Because Defendant Edmonson is taking the position that his own entitlement to a fair trial was denied by the adverse psychological effect of codefendant Lacey's absence, this Court does not agree with the Government that Defendant Edmonson does not have standing in this case to raise the in absentia issue.

As the *Wright* case instructs, the Sixth Amendment right to be present at trial cannot "cursorily, and without inquiry, be deemed by the trial court to have been waived simply because the accused is not present when he should have been." *Wright,* 932 F.2d at 879, *quoting United States v. Beltran–Nunez,* 716 F.2d 287, 291 (5th Cir.1983). Nonetheless, a trial court's decision to proceed with the trial against a defendant *in absentia* is clearly within the trial court's discretion, and should be reversed by this Court only if an abuse thereof is found. In the case at bar, the trial court inquired of Defendant Lacey's counsel at the commencement of the trial as to Lacey's absence, and recessed the trial until that afternoon to allow the attorney an opportunity to contact Defendant Lacey. When the Court reconvened in the afternoon, the Court again inquired as to the presence of Defendant Lacey, and had the Marshals check the courthouse to see if Lacey were present. As a result, this Court finds that the trial court took adequate steps to ensure that Defendant Lacey had in fact waived his right to be present at trial and was not absent due to a miscommunication or other such reason.

The trial court then determined that the trial should proceed in Defendant Lacey's absence. The *Wright* case states that a trial court "should consider factors such as the likelihood that the trial could soon proceed with the Defendant present, the difficulty of rescheduling and the burden on the Government, *United States v. Rogers,* 853 F.2d 249, 252 (4th Cir.1988), *cert. denied,* 488 U.S. 946, 109 S.Ct. 375, 102 L.Ed.2d 364 (1988), ... Generally, the balance will favor proceeding without the de-

fendant only in multidefendant trials." *Wright*, 932 F.2d at 879.

The trial court in this case fully considered the above-cited factors and stated in his memorandum and order as follows:

"This is a multi-defendant trial. There is no evidence of any likelihood that the trial could soon take place with the Defendant present ... The Court finds that it would be an extreme burden upon the government to undertake two trials if Defendant Lacey is subsequently apprehended and the case would then need to go to trial against him. The parties have represented to the Court that this case will take at least four weeks ... Defendant Lacey is charged with conspiracy to distribute cocaine along with the other named defendants ... Most if not all of the evidence against Defendant Lacey will overlap with the evidence against the other defendants. Furthermore, the Court finds that it would be extremely difficult to reschedule this four-week trial, not only for the parties but for the Court ... Further delay is not mandated by Defendant's unjustifiable and voluntary absence from trial."

This Court is in agreement with the district court that the case at bar is clearly one in which a trial of an absent codefendant in absentia was appropriate. There were five codefendants in this case, and the evidence against those defendants was extensive and overlapping. As a result, it would be an unfair burden on the government to have to conduct two separate trials. The district court properly determined that a trial of Defendant Lacey in absentia was the appropriate course of action in this case.

Defendant Edmonson next argues that he suffered such prejudice from the negative psychological impact of the in absentia trial of codefendant Lacey that he was deprived of his Sixth Amendment right to a fair trial. Edmonson urges that the jury would in effect punish Edmonson, who was shown at trial to have been the absent codefendant Lacey's high school friend, for Defendant Lacey's absence. As the Appellee points out, however, the jury in this case was obviously able to separate the evidence as to each codefendant and judge each codefendant on his or her own case as reflected in the verdicts. Of the four codefendants actually tried in this case (one codefendant, Mary Friesen, pled guilty), two of the codefendants were acquitted by the jury. It simply cannot be said that the absence of codefendant Lacey had a significant negative impact upon the trial for the remaining Defendants, including Appellant Edmonson.

The Appellant's last point in this area is that he should have been granted a severance of his case from that of Defendant Lacey to avoid the adverse effects of Lacey's absence on Edmonson's case. The decision to sever defendants for trial is within the discretion of the trial court and thus is reviewable by this Court only for abuse of that discretion. *U.S. v. Esch*, 832 F.2d 531, 537 (10th Cir.1987), *cert. denied*, 485 U.S. 908, 108 S.Ct. 1084, 99 L.Ed.2d 242 (1988); *U.S. v. Cresta*, 825 F.2d 538 (1st Cir.1987). This Court has previously stated that the trial court "must weigh any potential prejudice against the important considerations of economy and expedition in judicial administration." *Esch*, 832 F.2d at 537, *citing United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir.1979), *cert. denied*, 477 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980).

Because this Court has determined above that the absence of Defendant Lacey did not have a significant adverse impact upon the case, it would obviously be unnecessary for the trial judge to grant a severance. In the case at bar, it is clear that any possible potential prejudice is vastly outweighed in this case by the above-discussed hardship to the Government in having to conduct two separate trials, given the overlapping nature of the evidence in this case. Accordingly, this Court determines that the trial court was correct in refusing to sever Defendant Lacey's trial from that of the other codefendants and its denial of Appellant's Motion to Sever should be affirmed.

*Edmonson*, 962 F.2d at 1543–1545.

Lacey remained a fugitive until February 1991, when he was apprehended by Federal

Marshals. On March 13, 1991, Lacey was sentenced on the drug charges and on a failure to appear charge. Lacey appealed to the Tenth Circuit, which affirmed his convictions, but remanded the case for resentencing. *United States v. Lacey,* 969 F.2d 926 (10th Cir.1992).

On October 7, 1992, Lacey filed a petition for Writ of Certiorari. On February 23, 1993, the Supreme Court vacated the judgment and remanded the case to the Tenth Circuit for further consideration in light of *Crosby v. United States,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993). In *Crosby,* the Supreme Court held that Fed.R.Crim.P. 43 does not permit trial in absentia of a defendant who is absent at the beginning of trial. On April 16, 1993, the Tenth Circuit vacated Lacey's conviction related to the narcotics charges and remanded for a new trial. Lacey's conviction for failure to appear was affirmed. *United States v. Lacey,* 990 F.2d 586 (10th Cir.1993).

On May 16, 1994, trial in Lacey's second trial commenced. *See United States v. Lacey,* 856 F.Supp. 599 (D.Kan.1994). As did the jury in Lacey's first trial, the jury in the second trial found Lacey guilty of crimes charged. On August 31, 1994, Lacey was sentenced to a primary term of incarceration of 240 months. Lacey's appeal to the Tenth Circuit is still pending.

This case comes before the court upon Edmonson's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.[1] Edmonson argues that he was prejudiced by the violation of Rule 43 and that due process and justice require that he receive a new trial free of the taint of Lacey's trial in absentia. Edmonson contends that although the Tenth Circuit addressed his argument that he was prejudiced by Lacey's trial in absentia, that "brief" discussion is "only dictum in light of its erroneous holding that

Lacey's trial in absentia did not violate Rule 43." Because *Crosby* applies retroactively, *see Pelaez v. United States,* 27 F.3d 219 (6th Cir.1994) ("[W]e find that *Crosby* did not declare a new rule, and that the holding must therefore be applied retroactively."),[2] and because he was prejudiced by the Rule 43 violation, he is entitled to a new trial.

Specifically, Edmonson argues that the psychological impact of Lacey's absence on the jury, particularly in light of the fact that Lacey and Edmonson were described as "best friends," deprived him of a fair trial. Edmonson also argues that because the evidence against him was scant, the psychological impact of Lacey's trial in absentia was clearly prejudicial.

The government responds, arguing that because Lacey raised this same issue before the Tenth Circuit, and because *Crosby* did not announce a new rule of law, he is procedurally barred from again arguing that Lacey's trial in absentia prejudiced him. The government notes that the Tenth Circuit addressed and rejected essentially the same argument Edmonson advances here. In the alternative, the government contends that Edmonson's unsupported allegations concerning the "possible intangible effects" of Lacey's trial in absentia is an insufficient factual basis to establish prejudice. The government contends that even if there was some risk of prejudice, that prejudice was cured with proper jury instructions. The government also notes that the jury was apparently able to understand those instructions and consider each defendant separately as two of the defendants were acquitted. In short, the government contends that Edmonson has failed to demonstrate that he was denied a fair trial.

## Applicable Law

### Section 2255 Motions

Title 28, section 2255 provides in pertinent part:

---

**1.** In an order dated August 9, 1995, Chief Judge Van Bebber construed Edmonson's motion pursuant to 28 U.S.C. § 2241 as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. *See* (Dk. 481). In this motion, Edmonson is represented by retained counsel, Daniel E. Monnat.

**2.** In *Pelaez,* the defendant was tried in absentia. After the Sixth Circuit affirmed the defendant's

sentence, the Supreme court decided *Crosby.* Pelaez sought relief under § 2255. The district court held that *Crosby* did not apply retroactively. The Sixth Circuit reversed the district court's decision and remanded the case with instructions to grant Pelaez' § 2255 motion to vacate his sentence.

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. An appeal may be taken to the court of appeals from the order entered on the motion as from the final judgment on application for a writ of habeas corpus. . . .

"Section 2255 is available to correct errors of constitutional or jurisdictional dimension, or fundamental errors which result in a complete miscarriage of justice." *Brown v. United States,* 34 F.3d 990, 991 (10th Cir. 1994). *See United States v. Timmreck,* 441 U.S. 780, 783–784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979). "In section 2255 motions . . . the petitioner has the burden of proving that his sentence is invalid." *Greene v. United States,* 880 F.2d 1299, 1303 n. 6 (11th Cir.1989), *cert. denied,* 494 U.S. 1018, 110 S.Ct. 1322, 108 L.Ed.2d 498 (1990).

■ "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner,* 23 F.3d 287, 291 (10th Cir.1994) (citation omitted). "Consequently, a defendant may not raise claims that were not presented on direct appeal unless he can show cause and prejudice resulting from the error." *United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995) (citing *Warner*). *See United States v. Allen,* 16 F.3d 377, 378 (10th Cir.1994) ("A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."). "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *Cook,* 45 F.3d at 392 (citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).

### Is this collateral attack by Edmonson procedurally barred?

■ The first issue the court must consider is whether Edmonson is procedurally barred from bringing this collateral attack. *See Allen,* 16 F.3d at 377 ("[I]f the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown."). The government contends that because the Tenth Circuit has previously decided this same issue, he is barred from mounting this collateral attack. *See United States v. Gordon,* 4 F.3d 1567, 1570 n. 2 (10th Cir.1993) ("[B]ecause we address Defendant's ineffective assistance of counsel claims on direct appeal, Defendant is foreclosed from pursuing 28 U.S.C. § 2255 review of these same

issues in the future."), *cert. denied,* —— U.S. ——, 114 S.Ct. 1236, 127 L.Ed.2d 579 (1994). If no intervening change in the law concerning the proper construction of Rule 43 had occurred since the time the Tenth Circuit rendered its decision, the court would agree that Edmonson could not revisit the exact same issue raised before and decided by the Tenth Circuit in the form a § 2255 motion. *See United States v. Platero,* 72 F.3d 806, 811 (10th Cir.1995) ("[I]ntervening change in the law may serve as a cogent reason for relaxing the doctrine of the law of the case, as may a conviction that relaxing the rule is required to avoid working a manifest injustice."); *United States v. Prichard,* 875 F.2d 789, 791 (10th Cir.1989) (absent intervening change in law, issues disposed of on direct appeal are not considered on 2255 collateral attack). However, because the Supreme Court's decision in *Crosby* essentially abrogated this court's and the Tenth Circuit's construction of Rule 43,[3] Edmonson is not procedurally barred from mounting this collateral attack to his conviction.

**Was Edmonson unfairly prejudiced by Lacey's trial in absentia?**

■ In none of the cases cited by Edmonson did the codefendant of a person tried in absentia argue, let alone successfully argue, that he or she is entitled to relief under § 2255 based upon the prejudicial effect of the Rule 43 violation of another person tried in absentia. Nor did the court in its independent research of this issue find any case addressing the precise issue presented by Edmonson's motion. The court having reconsidered the trial, the evidence presented, and the limiting instructions given to the jury, concludes that Edmonson was not prejudiced by Lacey's trial in absentia and that the violation of Rule 43 with regard to Lacey did not deprive Edmonson of a fair trial.

In reaching this decision, it is worth noting that both this court and the Tenth Circuit Court of Appeals has previously concluded that Edmonson was not prejudiced by Lacey's trial in absentia and that the jury was able to follow the court's instructions regarding Lacey's absence. To some extent, Edmonson's claims of prejudice are answered by those previous decisions. However, those decisions were premised in part upon an erroneous construction of Rule 43. The Court of Appeals' decision in substantial detail explains that the decision to try Lacey in absentia and the decision not to sever the other defendants from Lacey were proper rulings. *Crosby* makes it clear that the decision to try Lacey in absentia was erroneous. Consequently, the court believes it appropriate to reconsider the propriety of all of the other decisions that flowed from the decision to try Lacey in absentia.

■ The court, based upon its own recollection of the trial,[4] and having carefully considered the evidence presented at trial including reviewing the relevant portions of the trial transcript, even in light of the Supreme Court's decision in *Crosby,* concludes that the decision to try Lacey in absentia did not prejudice Edmonson and that the prejudicial effect, if any, of trying Lacey in absentia did not deprive Edmonson of his right to a fair trial.

■ The government correctly argues that even if Edmonson was prejudiced by Lacey's trial in absentia, the prejudicial effect was minimized by the instructions given to the jury. The jury was repeatedly instructed that the rights of each defendant are separate and distinct and that an independent verdict must be brought in as to each of them. Jury instruction number 21 states in full:

> You are instructed that defendant Lacey's absence at trial should not be held against the other defendants. You must keep in mind, however, that all of the defendants, whether present during trial or not, are presumed to be innocent until proven guilty beyond a reasonable doubt.

"The assumption that juries can and will follow the instructions they are given is fun-

---

**3.** The government's suggestion that *Crosby* did not represent an intervening change in the law as interpreted by the Tenth Circuit is difficult to comprehend.

**4.** "[A] trial judge may rely on his or her own recollections and observations when ruling on a § 2255 motion." *Polizzi v. United States,* 926 F.2d 1311, 1320 (2nd Cir.1991).

damental to our system of justice.' " *United States v. Lonedog,* 929 F.2d 568, 576 (10th Cir.1991) (quoting *United States v. Cardall,* 885 F.2d 656, 668 (10th Cir.1989)). Nothing argued by Edmonson persuades the court that this case presents a unique circumstance making this axiom of American jurisprudence inapposite.

Finally, Edmonson's contention that he was prejudiced by Lacey's trial in absentia is little more than speculation. A buried cache of drugs was found on Edmonson's farm. Edmonson's fingerprint was found on a bag of buried marijuana. Edmonson offered no explanation for his fingerprint at trial. *See* Trial Transcript at 2315–2316; 2333–2334. The court is satisfied that the direct and circumstantial evidence was sufficient for a rational factfinder to conclude that Edmonson was guilty of the crimes of which he was convicted. The court finds that this case does not present exceptional circumstances warranting the remedy sought by the petitioner. *See Timmreck,* 441 U.S. at 783, 99 S.Ct. at 2087.

IT IS THEREFORE ORDERED that Edmonson's petition for a writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241, construed as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, (Dk. 479) is denied.