**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Mario-Fernandez KINCADE, Defendant-Appellant.**

**No. 82–5417.**

United States Court of Appeals, Eleventh Circuit.

Sept. 12, 1983.

Ivy A. Cowan, Fort Lauderdale, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Neal B. Shniderman, Miami, Fla., for plaintiff-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

## I. PROCEDURAL BACKGROUND

Appellant, Mario Fernandez Kincade, was charged in a three count indictment with conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846; distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Appellant and his co-defendant were tried before a jury on February 16, 1982. Appellant was found guilty of all three counts and his co-defendant, Larry Wayne Birchmeyer was acquitted on all three counts.

Appellant filed a motion for Judgment of Acquittal on all counts. The trial court granted the motion only as to Count I, the conspiracy count, based on this circuit's traditional rule that "a single conspirator may not be convicted in the same proceeding or prosecution in which all of his alleged fellows are acquitted." *United States v. Espinosa-Cerpa,* 630 F.2d 328, 331 (5th Cir.1980).

Appellant appeals his conviction on Counts II and III.

## ISSUES ON APPEAL

■ Appellant asserts that the acquittal of his co-defendant on the conspiracy charge mandates that he be granted a new trial on the possession and distribution charges. Appellant bases this assertion on the theory that the elimination of the conspiracy count renders all of the alleged co-conspirator statements introduced at trial inadmissible. This position has been rejected by this circuit as well as every other circuit which has considered the issue. It has been held on several occasions that once the court has determined that the Government has made the requisite showing of a conspiracy, "the admission of testimony under the co-conspirator exception to the hearsay rule is not rendered retroactively improper by subsequent acquittal of the alleged co-conspirator." *United States v. Cravero,* 545 F.2d 406, 419 (5th Cir.1976), *cert. denied,* 429 U.S. 1100, 97 S.Ct. 1123, 51 L.Ed.2d 549 (1976); *accord, United States v. Robinson,* 651 F.2d 1188, 1196 (6th Cir. 1981); *United States v. Gil,* 604 F.2d 546 (7th Cir.1979). Appellant's motion for new trial based on the admission of co-conspirator statements was properly denied.

■ Appellant further contends that the evidence was insufficient to support a verdict of guilty on the possession and distribution charges. Appellant asserts that the Government failed to prove more than his mere presence at the scene of the transaction. We find this argument unpersuasive. Although mere presence alone is insufficient to support a guilty verdict, presence is a material and probative factor which the jury may consider in reaching its decision. *See, e.g., United States v. Freeman,* 660 F.2d 1030, 1035 n. 1 (5th Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 54, 74 L.Ed.2d 59 (1982).

■ In reviewing a claim of insufficiency of the evidence, this court must view the evidence in a light most favorable to the Government drawing all reasonable infer-

ences therefrom. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Spadlen,* 662 F.2d 724 (11th Cir.1981). The applicable standard of review for a sufficiency of the evidence challenge states:

> It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence.

*United States v. Bell,* 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd,* 51 U.S. L.W. 4749 (June 13, 1983).

 In addition to appellant's presence at the house where the drug transaction occurred, the Government proved the following: the appellant was sitting at the table where the cocaine was being weighed. On the table was a bottle of CaSo 4 Drierite, a bottle of Crisco Oil, razor blades, a package of capillary tubes, an alcohol burner, a boiling flask, an immersion thermometer and a triple beam scale, all of which are known drug paraphernalia. The appellant participated in the weighing and packaging of the cocaine. Appellant participated in the explanation of the chemical melt test to purify the cocaine. During this sequence of events, co-defendant Birchmeyer, at whose house the transaction took place, left the room where the cocaine was located while the appellant remained seated in the room, thus, entrusting his interest in the cocaine to the appellant. The amount of cocaine on the table was approximately one kilogram of 82% pure cocaine worth approximately $58,000. The appellant's fingerprints were found on some of the paraphernalia on the table. Additionally, undercover agents testified that during their negotiations with co-defendant Birchmeyer, the source of the cocaine was identified by Birchmeyer as a man named Mario—the appellant's first name.

It is well settled that possession of contraband may be constructive as well as ac-

tual and may be proven by circumstantial evidence. *United States v. Goldstein,* 635 F.2d 356, 362 (5th Cir.1981). Moreover, constructive possession need not be exclusive, but may be shared by others. *United States v. Moreno,* 649 F.2d 309 (5th Cir. 1981); *United States v. Maspero,* 496 F.2d 1354 (5th Cir.1974).

The evidence presented at trial was sufficient to support the verdict on the possession and distribution charges. *See e.g., United States v. Berkowitz,* 662 F.2d 1127, 1139 (5th Cir.1981).

AFFIRMED.