UNITED STATES of America, Plaintiff,

v.

Richard Ray LACEY, Defendant.

No. 89–10054–01–SAC.

United States District Court,
D. Kansas.

May 17, 1994.

James E. Flory, Asst. U.S. Atty., Kansas City, KS, for plaintiff.

Marilyn M. Trubey, Asst. Federal Public Defender, Topeka, KS, for defendant.

MEMORANDUM AND ORDER

CROW, District Judge.

On July 27, 1989, Richard Lacey was indicted by a federal grand jury for conspiracy

to distribute cocaine and distribution of cocaine. On February 6, 1990, Lacey failed to appear at trial as ordered; Lacey was tried in absentia. The jury returned a guilty verdict on March 26, 1990. Lacey remained a fugitive until February 1991, when he was apprehended by Federal Marshals. On March 13, 1991, Lacey was sentenced on the instant drug charge and on a failure to appear charge. Lacey appealed to the Tenth Circuit, which affirmed his convictions, but remanded the case for resentencing. *United States v. Lacey,* 969 F.2d 926 (10th Cir.1992).

On October 7, 1992, Lacey filed a petition for Writ of Certiorari. On February 23, 1993, the Supreme Court vacated the judgment and remanded the case to the Tenth Circuit for further consideration in light of *Crosby v. United States,* 506 U.S. ——, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993).[1] On April 16, 1993, the Tenth Circuit vacated Lacey's conviction related to the narcotics charges and remanded for a new trial. Lacey's conviction for failure to appear was affirmed. *United States v. Lacey,* 990 F.2d 586 (10th Cir.1993).

Trial in this case commenced on the morning of May 16, 1994. Prior to the commencement of the selection of the jury, the court held a conference with counsel concerning certain unresolved matters. During that conference, counsel for the defendant for the first time argued that all of the tape recordings containing the statements of Harper and Klobuchar which the government intends to introduce should be excluded as hearsay. Harper and Klobuchar were charged with conspiring with Lacey and others to distribute cocaine. Harper and Klobuchar were acquitted of conspiracy by the jury in the first trial. The defendant argues that because both Harper and Klobuchar were previously found to be not guilty of conspiracy by the jury, that determination constitutes "the law of the case," and therefore precludes the court from admitting their statements as coconspirator statements under Fed.R.Evid. 801(d)(2)(E).

Lacey also challenges the admissibility of the statements of Mary Friesen, arguing that

because she is unavailable to testify that admission of her statements will violate his right to confront witnesses against him. Lacey has submitted no legal authority for exclusion of the testimony of Harper, Klobuchar or Friesen.

The government responded, arguing that the jury's acquittal of Harper and Klobuchar in no way governs the admissibility of the statements under 801(d)(2)(E). The government argued that because the court must determine whether the government has demonstrated the admissibility of alleged coconspirator's statements by a preponderance of the evidence, the jury's finding that neither Harper nor Klobuchar were guilty beyond a reasonable doubt does not preclude the admission of those statements.

Because neither party provided the court with any direct authority supporting their respective positions, the court took the matter under advisement.

The court, having considered the arguments of counsel, and having conducted its own independent research of the law, overrules the defendant's objections advanced during the status conference to the admission of the tapes containing the statements of Harper, Klobuchar and Friesen.

### Fed.R.Evid. 801(d)(2)(E)

Under Fed.R.Evid. 801(d)(2)(E), a statement is not hearsay if the statement is offered against a party and is "a statement made by a coconspirator of a party during the course and in furtherance of the conspiracy."

■ A coconspirator's statement is admissible under Rule 801(d)(2)(E) if the trial court determines:

(1) a conspiracy is proven by a preponderance of the evidence;

(2) the declarant and the defendant were both members of the conspiracy; and

(3) the statements were made in the course and furtherance of the conspiracy.

*United States v. Powell,* 982 F.2d 1422, 1432 (10th Cir.1992), *cert. denied,* —— U.S. ——,

---

1. In *Crosby,* the Supreme Court held Fed. R.Crim.P. 43 does not permit trial in absentia of

a defendant who is absent at the beginning of trial.

113 S.Ct. 2361, 124 L.Ed.2d 268 (1993). In deciding whether the prerequisites for admission of the coconspirator's out-of-court statement have been satisfied, the court may consider the out-of-court statement sought to be admitted in addition to the independent evidence presented. *Id.; United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir.1990), *cert. denied*, 498 U.S. 1050, 111 S.Ct. 761, 112 L.Ed.2d 781 (1991).

### Burden of Proof

■ The party seeking to introduce hearsay testimony under Rule 801(d)(2)(E) bears the burden of proving the relevant facts by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 176, 107 S.Ct. 2775, 2779, 97 L.Ed.2d 144 (1987); *United States v. Perez*, 989 F.2d 1574, 1580 (10th Cir.1993) (en banc) (citing *Bourjaily* ).

■ "Before admitting a coconspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls with the definition of the Rule." *Bourjaily*, 483 U.S. at 175, 107 S.Ct. at 2778. In the Tenth Circuit,

> a coconspirator's hearsay statement is **not admissible unless** the trial judge finds three facts by a preponderance of the evidence. The trial judge must determine that the conspiracy existed, that the declarant and the particular defendant were members of the conspiracy, and that the statement was made during the course of and in furtherance of the conspiracy.

*United States v. Radeker*, 664 F.2d 242, 243 (10th Cir.1981).

■ In *Radeker*, the Tenth Circuit held that the district court must make these specific findings on the record to qualify statements for admission under Fed.R.Evid. 801(d)(2)(E), and that failure to make such

findings was per se reversible error. In *Perez*, the Tenth Circuit reversed its per se reversible error rule first adopted in *Radeker*, and now employs a new procedure for evaluating the district court's admission of the coconspirator's statements without making the requisite findings.[2]

■ "A trial court may make the conspiracy determination either prior to or during trial, or may conditionally admit coconspirator hearsay prior to finding of conspiracy involvement, subject to the hearsay being "connected up" to the alleged conspirator." *Powell*, 982 F.2d at 1432. "It is preferable that the court make these determinations before allowing the coconspirator statements to be heard by the jury. When these determinations are made pre-trial, the district court should reaffirm its findings at the conclusion of the presentation of the Government's evidence at trial." *United States v. Nicholson*, 983 F.2d 983, 991 (10th Cir.1993) (quoting *United States v. Wright*, 932 F.2d 868, 880 (10th Cir.1991) (citations omitted)).

■ Coconspirator statements made in furtherance of a conspiracy that satisfy the requirements of Fed.R.Evid. 801(d)(2)(E) also satisfy the Confrontation Clause. *See United States v. Garcia*, 994 F.2d 1499 (10th Cir.1993); *United States v. Mayes*, 917 F.2d 457, 464 (10th Cir.1990), *cert. denied*, 498 U.S. 1125, 111 S.Ct. 1087, 112 L.Ed.2d 1192 (1991).

### Analysis

This case presents the somewhat unusual scenario in that the court, having previously tried this case, has heard a voluminous amount of the evidence concerning the existence of a conspiracy and the defendant's alleged participation in that conspiracy. The court concludes, based upon its recollection of the evidence presented during the first

---

**2.** Under the new procedure announced in *Perez* the court of appeals first assumes that the challenged statements were inadmissible, and then assesses whether their admission was harmless beyond a reasonable doubt. If the admission was not harmless, the case is remanded to the district court to conduct the inquiry and make the requisite findings that should have been made under Rule 801(d)(2)(E). If the trial judge determines on remand that the statements were made in the course and in furtherance of the conspiracy, the conviction would stand and the court of appeals would retain jurisdiction to review the lower court's ruling. If on the other hand the trial court determines that Rule 801(d)(2)(E) was not satisfied, it would set aside the convictions and conduct a new trial as the court of appeals had already concluded that the admission was not harmless. 989 F.2d at 1574.

trial, coupled with the other evidence presented and proffered by the government, that the statements of Harper, Klobuchar and Friesen on the tapes are not hearsay, but instead are coconspirator's statements, admissible under 801(d)(2)(E). Specifically, the court makes the preliminary finding that the government has demonstrated by a preponderance of the evidence the existence of a conspiracy, that the declarant and the defendant were both members of the conspiracy, and that the statements were made in the course and furtherance of the conspiracy.

■ Lacey's argument that the acquittal of Harper and Klobuchar precludes the court from admitting their statements as coconspirator's statements under 801(d)(2)(E) is incorrect as a matter of law.

[E]ven where the declarant has been tried and *acquitted* in another proceeding, courts may permit receipt of the statement as a coconspirator's admission if [the elements for admitting the statement under 801(d)(2)(E) have been established by a preponderance of the evidence]. Such reasoning has not been limited to simple acquittals, in which failure to meet the burden of proof beyond a reasonable doubt does not foreclose a later showing at a lower level sufficient to warrant admission, but has extended to acquittals based on entrapment (where it could be argued that the conduct was thus not criminal) and to statements of a victim of the crime.

4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 801(d)(2)(E)[01] (1993).

In *United States v. Peralta,* 941 F.2d 1003 (9th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1484, 117 L.Ed.2d 626 (1992), the defendant argued that the district court erred in admitting hearsay statements under the coconspirator exception[3] because a judgment of acquittal of the conspiracy charge was entered in favor of the declarant. The court of appeals rejected this argument:

This circuit has not previously determined whether the extrajudicial statements of a person, made in furtherance

and during the course of a conspiracy, can be considered by a jury under the coconspirator exception, where the declarant has been acquitted of conspiracy charges. Each circuit that has confronted this question has held that the acquittal of the declarant of conspiracy does not render the statement inadmissible under the coconspirator exception. *United States v. Carroll,* 860 F.2d 500, 506 (1st Cir.1988); *United States v. Kincade,* 714 F.2d 1064, 1065 (11th Cir.1983); *United States v. Gil,* 604 F.2d 546, 549 (7th Cir.1979); *United States v. Stanchich,* 550 F.2d 1294, 1299 (2nd Cir.1977); *United States v. Cravero,* 545 F.2d 406, 419 (5th Cir.1976), *cert. denied,* 430 U.S. 983, 52 L.Ed.2d 377, 97 S.Ct. 1679 (1977); *United States v. Bass,* 472 F.2d 207, 213–14 (8th Cir.), *cert. denied,* 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973).

In *United States v. Stanchich,* 550 F.2d 1294 (2d Cir.1977), the district court allowed the statements of coconspirators to be admitted at trial after dismissing conspiracy charges against defendant and the coconspirator at the end of the Government's case. *Id.* at 1298–1299. In affirming the district court, the Second Circuit reasoned as follows:

Appellant argues that the same considerations that led the judge to dismiss the conspiracy count required him to hold the declarations inadmissible on the substantive counts. The argument overlooks the difference in the standards governing the two determinations. In deciding whether the evidence is sufficient to warrant submission of a conspiracy count to a jury, the judge must determine ... "whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." A judge may thus consistently find that the evidence (even including admissible hearsay declarations) did not

---

**3.** The Ninth Circuit refers to the admission of those statements under the "coconspirator exception." The court notes that statements admit-

ted under 801(d)(2)(E) are excluded from the definition of hearsay. *See* 801(d)(2)(E).

meet the higher test required for submission of a conspiracy count to a jury, although the independent evidence did meet the lower [preponderance of the evidence] test required for admission of the declaration.

*Id.* at 1299 (citations omitted) (footnote omitted).

In *United States v. Gil,* 604 F.2d 546 (7th Cir.1979), in explaining its rejection of the rule proposed by [the defendant], the Seventh Circuit stated that "the differences between what must be proved to invoke the hearsay exception and what must be proved in order to convict a person of the crime of conspiracy, as well as the difference of the burden of proof, mean that neither collateral estoppel nor res judicata automatically bar the use of statements by a person who has been acquitted of the crime of conspiracy." *Id.* at 549 (citing *United States v. Cravero,* 545 F.2d 406, 419 (5th Cir.1976), *cert. denied,* 430 U.S. 983, 52 L.Ed.2d 377, 97 S.Ct. 1679 (1977)).

*Id.* at 1006. *See United States v. Patino-Rojas,* 974 F.2d 94 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993); *United States v. Barksdale-Contreras,* 972 F.2d 111 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1060, 122 L.Ed.2d 366 (1993); *United States v. Todd,* 920 F.2d 399, 406–407 (6th Cir.1990) (fact that alleged coconspirator had previously been acquitted of conspiracy charge did not preclude district court from admitting his out-of-court statements under Fed.R.Evid. 801(d)(2)(E)); *United States v. Anthon,* 648 F.2d 669, 676–678 (10th Cir.1981), *cert. denied,* 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982).[4]

Having concluded that the statements of Harper, Klobuchar and Friesen on the tapes are properly admitted under 801(d)(2)(E), Lacey's argument that his Confrontation Clause rights will be violated is without merit.

IT IS THEREFORE ORDERED that the defendant's oral motion to exclude the statements of Harper, Klobuchar, and Friesen on the tape recordings based upon "the law of the case" argument and the Confrontation Clause are denied.

---

**4.** In *Anthon,* the defendant was charged with conspiracy to distribute cocaine and possession with intent to distribute cocaine. The jury found the defendant guilty of possession with intent to distribute, but found the defendant not guilty of conspiracy. On appeal, the defendant argued that the district court erred in admitting evidence of acts and statements of the defendant's alleged coconspirators. The Tenth Circuit disagreed:

"[W]e hold the trial court did not err in admitting evidence of acts and statements of Anthon's alleged co-conspirators as charged in Count I. In our view, the trial court properly admitted the challenged evidence inasmuch as the Government established by a preponderance of the evidence, and more likely than not, that a conspiracy existed. The fact that the jury subsequently did not find Anthon guilty of conspiracy as charged **beyond a reasonable doubt,** does not vitiate the efficacy of the trial court's prior determination that the conspiracy was established by a **preponderance of the evidence,** rendering the acts and statements of alleged coconspirators admissible. Furthermore, the admission of evidence relative to the alleged conspiracy did not "fatally infect" Anthon's conviction on the substantive count of distribution in view of the overwhelming evidence presented relative thereto. *See United States v. Alanis,* 611 F.2d 123 (5th Cir.1980), *cert. denied,* 445 U.S. 955, 100 S.Ct. 1607, 63 L.Ed.2d 791 (1980).

The distinctions as to what must be proved to invoke the coconspirator hearsay exception, *vis a vis, admissibility,* and what must be proved in order to convict a person of the crime of conspiracy must always be recognized in cases such as the one at bar. *See United States v. Gil,* 604 F.2d 546 (7th Cir.1979). Once the Government has made a proper showing of admissibility, the admission of testimony under the coconspirator exception to the hearsay rule is not rendered retroactively improper by the subsequent acquittal of the alleged coconspirator.

648 F.2d at 678.