United States Court of Appeals,

Eleventh Circuit.

No. 94-4259.

UNITED STATES of America, Plaintiff-Appellee,

v.

Leopoldo HERNANDEZ-MIRANDA and Atilano Dominguez, Defendants-Appellants.

March 26, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-401-CR-DLG), Donald L. Graham, District Judge.

Before EDMONDSON and DUBINA, Circuit Judges, and CUDAHY[*], Senior Circuit Judge.

CUDAHY, Senior Circuit Judge:

Atilano Dominguez, Leopoldo Hernandez-Miranda and two others served as middlemen in the shipment of a truckload of marijuana. All four were charged with possession of marijuana with intent to distribute and with conspiracy to engage in that crime, and Dominguez and Hernandez-Miranda went to trial on those charges. The jury returned guilty verdicts against Dominguez on both charges and against Hernandez-Miranda on the possession charge; but it acquitted Hernandez-Miranda of the conspiracy charge. Both defendants appeal their convictions, raising issues about the sufficiency of the evidence against them. Dominguez also raises an issue with respect to the jury instructions regarding his theory of defense. In an unpublished order issued today under Circuit Rule 36-1, we decide all of those issues but address another matter

---

[*]Honorable Richard D. Cudahy, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

here. This issue pertains to the admission of testimony containing out-of-court statements in the government's case against Hernandez-Miranda. For the reasons set forth below, we find that those statements were properly admitted as coconspirator's statements.

Some of the most probative evidence offered against Hernandez-Miranda came from the testimony of Martin Mercado, one of the four conspirators, who attributed inculpatory statements about the crime to Hernandez-Miranda. When recounted in Mercado's testimony, these statements might, of course, have been objectionable as hearsay. The district court decided that they were not hearsay, characterizing them as coconspirators' statements not classifiable as hearsay and admissible under Federal Rule of Evidence 801(d)(2)(E). Therefore, the district court admitted Mercado's testimony containing these statements.

Hernandez-Miranda contended at oral argument that his acquittal on the conspiracy charges operates retroactively to make the admission of these statements erroneous. He reasons that his acquittal of conspiracy established that he and Mercado were not coconspirators and, therefore, that Rule 801(d)(2)(E) does not apply to Mercado's testimony.

Several criminal defendants have invoked this reasoning in our cases. We have regularly rejected this reasoning and continue to do so. As we noted in *United States v. Kincade,* "once the court has determined that the government has made the requisite showing of a conspiracy, "the admission of testimony under the co-conspirator exception to the hearsay rule is not rendered retroactively improper by subsequent acquittal of the alleged

co-conspirator.' " 714 F.2d 1064, 1065 (11th Cir.1983) (quoting *United States v. Cravero,* 545 F.2d 406, 419 (5th Cir.1976), *cert. denied,* 429 U.S. 1100, 97 S.Ct. 1123, 51 L.Ed.2d 549 (1977)). This principle applies whether it is the declarant or the witness who is acquitted of conspiracy. *See United States v. Collins,* 779 F.2d 1520, 1533 (11th Cir.1986).

The district court here did everything necessary for the application of this principle. *See United States v. James,* 590 F.2d 575 (5th Cir.) (en banc), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). After the jury was impaneled and before the trial began, Hernandez-Miranda advised the court of his intention to challenge the admission of Mercado's testimony about his statements. The court then asked the government to proffer its evidence relating to Hernandez-Miranda's participation in the conspiracy. This proffer satisfied the district court that there was sufficient evidence of a conspiracy, and it allowed the admission of Mercado's testimony. Given this finding by the district court, the admission of the coconspirator statements was proper.

The judgment of the district court is

AFFIRMED.