[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11802

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TAPARRISH SHAKANE VAILS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cr-80093-KAM-1

_____

Before GRANT, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Taparrish Vails appeals his conviction and sentence for possession with intent to distribute a controlled substance. On appeal, Vails raises the following five arguments: (1) the government's arguments and presentation of evidence related to his involvement in a drug-trafficking organization constructively amended the indictment; (2) the district court abused its discretion by permitting the government to introduce evidence of his prior convictions under Fed. R. Evid. 404(b); (3) the district court abused its discretion by admitting a backpack because insufficient evidence connected it to Vails and it showed indications of tampering; (4) the district court clearly erred by applying an enhancement pursuant to U.S.S.G. § 3C1.2; and (5) the district court clearly erred in denying his request for a minor role reduction under U.S.S.G. § 3B1.2. For the following reasons, we affirm.

I.

Regarding the first argument. we review an unobjected-to constructive amendment only for plain error. *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013). Under this review, the defendant must establish "(1) an error (2) that is plain and (3) that has affected [his] substantial rights; and if the first three prongs are satisfied, we may exercise discretion to correct the error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

A "fundamental principle" derived from the Fifth Amendment is that "a defendant can only be convicted for a crime charged in the indictment" because "[i]t would be fundamentally unfair to convict a defendant on charges of which he had no notice." *United States v. Keller*, 916 F.2d 628, 633 (11th Cir. 1990). The trial court may not broaden the charges by constructive amendment. *Stirone v. United States*, 361 U.S. 212, 215-16 (1960). "A constructive amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Holt*, 777 F.3d 1234, 1261 (11th Cir. 2015). "In evaluating whether the indictment was constructively amended," we review the jury instructions "in context to determine whether an expansion of the indictment occurred either literally or in effect." *United States v. Castro*, 89 F.3d 1443, 1450, 1453 (11th Cir. 1996) (quotation marks omitted). However, "evidence that properly was admitted as intrinsic to the charged offenses does not impermissibly broaden the indictment to include other crimes." *Holt*, 777 F.3d at 1261. The district court may thus admit evidence that is not part of the charged offense if such evidence "pertain[s] to the chain of events explaining the context, motive and set-up of the crime" and is "linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *Id.* at 1262.

Section 841(a)(1) of Title 21 makes it unlawful for a person to knowingly or intentionally manufacture, distribute, or possess with intent to do the same, a controlled substance. 21 U.S.C.

§ 841(a).  To sustain a conviction for possession with intent to distribute a controlled substance, the government must prove that the defendant had (1) knowledge, (2) possession, and (3) intent to distribute.  *United States v. Hernandez*, 743 F.3d 812, 814 (11th Cir. 2014).  "It is well settled that possession of contraband may be constructive as well as actual and may be proven by circumstantial evidence."  *United States v. Kincade*, 714 F.2d 1064, 1066 (11th Cir. 1983); *see also United States v. Woodward*, 531 F.2d 1352, 1360 (11th Cir. 2008) (explaining that a defendant's possession "may be actual or constructive, joint or sole") (quotation marks omitted).  To establish constructive possession, the government is required to offer evidence showing "ownership or dominion and control over the drugs or over the premises on which the drugs are concealed."  *United States v. Clay*, 355 F.3d 1281, 1284 (11th Cir. 2004).

Here, we conclude that the district court did not err, let alone plainly err, because the indictment was not constructively amended.  The indictment charging Vails with possession with intent to distribute encompassed all forms of possession, and the evidence of Vails's involvement in a drug-trafficking organization provided necessary context to the jury.  We now turn to the second argument raised on appeal.

II.

We review the admission of evidence under Rule 404(b) for abuse of discretion.  *United States v. Perry*, 14 F.4th 1253, 1274 (11th Cir. 2021).  Evidence admitted in violation of Rule 404(b) is considered to be harmless error where there is other substantial evidence

of the defendant's guilt.  *See United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).

Rule 404(b) of the Federal Rules of Evidence prohibits the introduction of evidence of a crime, wrong, or other act to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  It does, however, allow such evidence for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  "Rule 404(b) is a rule of inclusion, and . . . accordingly 404(b) evidence, like other relevant evidence, should not be lightly excluded when it is central to the prosecution's case."  *United States v. Kapordelis*, 569 F.3d 1291, 1313 (11th Cir. 2009) (quotation marks omitted, alteration in original).

We recognize a three-part test to determine whether evidence is admissible under Rule 404(b): (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof that a jury could find by a preponderance of the evidence that the defendant committed the act; and (3) the probative value of the evidence must not be substantially outweighed by undue prejudice, as established in Rule 403.  *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007); *see also* Fed. R. Evid. 403.  The risk of undue prejudice can be reduced by an appropriate limiting instruction.  *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005); *see also United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993) (noting that, where the district

court issued a limiting instruction, "any unfair prejudice possibly caused by [the evidence's] introduction was mitigated").

The first prong of the Rule 404(b) test can be satisfied "where the state of mind required for the charged and extrinsic offenses is the same." *Edouard*, 485 F.3d at 1345. "[B]y pleading not guilty, [a defendant] place[s] th[e] [knowledge] element of the § 922(g) offense in issue." *United States v. Jernigan*, 341 F.3d 1279, 1281, 1282 n.7 (11th Cir. 2003). We have held that a prior conviction in which the defendant possessed a gun provides a "logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." *Id.* at 1281.

Under Federal Rule of Evidence 403, a district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of, *inter alia*, unfair prejudice. Fed. R. Evid. 403. In reviewing the third prong of Rule 404(b) admissibility under Rule 403, we "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Edouard*, 485 F.3d at 1344 n.8 (quotation marks omitted). When determining whether the danger of unfair prejudice substantially outweighs the probative value of extrinsic act evidence, we consider: (1) the government's incremental need for the evidence to prove guilt beyond a reasonable doubt; (2) the similarity of the extrinsic act and the charged offense; and (3) the closeness or remoteness in time between the extrinsic act and the

charged offense. *United States v. Ellisor*, 522 F.3d 1255, 1268 (11th Cir. 2008). As to the third prong, we "ha[ve] refrained from adopting a bright-line rule with respect to temporal proximity." *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005); *see also United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (upholding the admission of Rule 404(b) evidence where the other acts occurred 15 years earlier than the charged offense).

Section 922(g) of Title 18 governs offenses for unlawful possession of a firearm and ammunition and "entails three distinct elements: (1) that the defendant was a convicted felon; (2) that the defendant was in knowing possession of a firearm; and (3) that the firearm was in or affecting interstate commerce." *Jernigan*, 341 F.3d at 1279; 18 U.S.C. § 922(g)(1). In addition, the Supreme Court has held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

Here, we conclude that the district court did not abuse its discretion by admitting Vails's previous convictions because, by pleading guilty, Vails made his knowledge as to his possession of the firearm an issue in the case and his prior felonies were relevant to establish that Vails knew he belonged to a category of persons prohibited from possessing a firearm. Moreover, his prior convictions were not so prejudicial as to outweigh their probative value,

and the district court issued a limiting instruction to minimize any prejudice.  We now turn to the third argument raised on appeal.

### III.

We review all evidentiary rulings for an abuse of discretion and will "defer to the district court's decisions to a considerable extent."  *United States v. Akwuba*, 7 F.4th 1299, 1313 (11th Cir. 2021) (alteration adopted, quotation marks omitted).

A proponent of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  The government only needs to present some competent evidence to support authentication, and such evidence can be purely circumstantial.  *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990).  This process generally involves submitting proof from which a reasonable inference can be drawn of the evidence's original acquisition and later custody, in addition to its connection to the accused and the charged offense.  *United States v. Sarmiento-Perez*, 724 F.2d 898, 900 (11th Cir. 1984); *United States v. Garcia*, 718 F.2d 1528, 1534 (11th Cir. 1983).  Proof of the connection of physical evidence with a defendant and gaps in the chain of custody go to the weight, not the admissibility, of evidence.  *Sarmiento-Perez*, 724 F.2d at 900.  Likewise, "any doubts raised concerning the possibility of alteration of contamination of the evidence go to the weight and not the admissibility of the evidence."  *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981).  "A district court has discretion to determine authenticity, and that determination should not be disturbed on appeal absent a

showing that there is no competent evidence in the record to support it." *United States v. Lanzon*, 639 F.3d 1293, 1301 (11th Cir. 2011) (quotation marks omitted).

Additionally, "the mere fact that it is conceivable that tampering has occurred is not sufficient to require the exclusion of the evidence" and a court "need only be satisfied that in reasonable probability the [evidence] has not been changed in important respects" to properly admit it. *United States v. Daughtry*, 502 F.2d 1019, 1022 n.3 (5th Cir. 1974).

We conclude that the district court did not abuse its discretion in admitting the backpack and its contents into evidence because the government presented sufficient evidence to connect the bag and its contents to Vails. To the extent that Vails asserts issues in the bag's chain-of-custody, these go to the evidence's weight rather than admissibility. Lastly, Vails does not point to any evidence to substantiate his allegations of tampering.

IV.

With regards to the fourth argument, Vails argues that the district court clearly erred by applying an enhancement pursuant to U.S.S.G. § 3C1.2. When reviewing a challenge to the applicability of the Guidelines, we consider legal issues *de novo*, reviews factual findings for clear error, and applies the Guidelines to the facts with due deference, which is akin to clear-error review. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). "For a factual finding to be clearly erroneous, this Court, after reviewing all of the evidence, must be left with a definite and firm conviction

that a mistake has been committed." *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015) (quotation marks and brackets omitted). We may affirm a sentencing enhancement "for any reason supported by the record, even if not relied upon by the district court." *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012) (quotation marks omitted).

Under § 3C1.2, a defendant is eligible for a two-level increase to his offense level if he "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. This enhancement applies to a defendant based on his "own conduct and for conduct that [he] aided or abetted, counseled, commanded, induced, procured, or willfully caused." U.S.S.G. § 3C1.2, comment. (n.5). This application note to § 3C1.2 specifies an exception to the generally applicable relevant conduct rule under § 1B1.3(a)(1)(B). *United States v. Cook*, 181 F.3d 1232, 1235-36 (11th Cir. 1999). According to the commentary, reckless "means a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *See* U.S.S.G. § 3C1.2, comment. (n.2) (cross-referencing U.S.S.G. § 2A1.4, comment. (n.1)). The commentary to § 3C1.2 also explains that "'during flight' is "to be construed broadly and includes preparation for flight." U.S.S.G. § 3C1.2, comment. (n.3).

We have held that "flight alone is insufficient to warrant an enhancement under section 3C1.2" and that it is the defendant's conduct, not that of the pursuing officers, that must recklessly create the substantial risk of death or serious bodily injury to others. *United States v. Wilson*, 392 F.3d 1243, 1247 (11th Cir. 2004). We have also explained that this enhancement "requires only that there was a substantial risk that something could have gone wrong and someone could have died or been seriously injured." *Matchett*, 802 F.3d at 1198.

Here, we conclude that the district court did not clearly err in applying the enhancement under U.S.S.G. § 3C1.2 because the evidence adduced at trial showed that Vails had accelerated away from the officers while McGillicuddy was within arms' reach of the vehicle, thus placing McGillicuddy at risk of serious bodily harm. We now turn to the final argument raised on appeal.

V.

Vails argues on appeal that the district court clearly erred in denying his request for a minor role reduction under U.S.S.G. § 3B1.2. We review the district court's determination of a defendant's role for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). The district court has "considerable discretion in making this fact-intensive determination." *United States v. Boyd*, 291 F.3d 1274, 1277-78 (11th Cir. 2002). As long as the "court's decision is supported by the record and does not involve a misapplication of law," the "choice between two permissible views of the evidence as to the defendant's role in the offense will rarely

constitute clear error." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (internal quotation marks omitted).

Section 3B1.2 of the U.S. Sentencing Guidelines directs the sentencing court to decrease a defendant's offense level by two levels "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2. A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.*, comment. (n.5).

In determining whether to apply an adjustment, courts consider the totality of the circumstances and the following non-exhaustive factors:

(i)     the degree to which the defendant understood the scope and structure of the criminal activity;

(ii)    the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v)     the degree to which the defendant stood to
        benefit from the criminal activity.

*Id.*, comment. (n.3(C)).  Additionally, the district court must consider: (1) the defendant's role in the relevant conduct for which he has been held accountable for at sentencing; and (2) his role compared to that of the other participants in the relevant conduct. *Cruickshank*, 837 F.3d at 1192.  "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, []he cannot prove that []he is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which []he was a minor participant but for which []he was not held accountable." *De Varon*, 175 F.3d at 941.

The defendant has the burden of proving his mitigating role in the offense by a preponderance of the evidence. *Id.* at 939.  Determining if a defendant played a minor role in the offense is a fact-intensive inquiry "where no one factor is more important than another." *Cruickshank*, 837 F.3d at 1195 (internal quotation marks omitted).  "[A] district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." *De Varon*, 175 F.3d at 940.

Here, we conclude that the district court did not clearly err in declining to grant Vails a minor role reduction because his base offense level was calculated using the drugs found in the backpack, thus only attributing to him is actual conduct.  Moreover, Vails cannot point to a broader criminal scheme and assert that he was a minor participant in that scheme to qualify for the reduction.

★ ★ ★ ★

For the foregoing reasons, we affirm the conviction and sentence.

**AFFIRMED.**