[DO NOT PUBLISH]

In the

# United States District Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12165

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

QUANTAVIOUS CEDRON ARNOLD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cr-00244-LMM-CMS-1

_____

Before JORDAN, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Quantavious Cedron Arnold appeals his convictions for possession of cocaine with intent to distribute and possession of a firearm in furtherance of drug trafficking. He challenges the sufficiency of the evidence to sustain those convictions. Because there was sufficient evidence for the District Court to convict Arnold of both convictions, we affirm.

## I. Background

In January 2021, Arnold faced multiple federal charges. He pleaded guilty to some but requested a bench trial for the counts charging him with possession with intent to distribute cocaine, using a firearm in furtherance of drug trafficking, and possessing a firearm as a convicted felon.

As part of his plea, Arnold conceded that in November 2019, he used, carried, and brandished a firearm during a carjacking; and that two days later, he possessed and brandished a firearm while robbing a bank. Arnold also conceded that he later recorded himself fanning out hundred-dollar bills and holding two pistols in the air. The parties stipulated that Arnold (1) possessed marijuana with intent to distribute and had a firearm on him in November 2018, (2) possessed marijuana with intent to distribute in February 2019, and (3) possessed a SCCY CPX-1 9mm pistol during the November 2019 bank robbery.

In December 2021, the District Court tried Arnold, and Atlanta Police Department Officer Matthew Officer Abad testified to the following: On the evening of November 22, 2019, Officer Abad responded to a call to track someone who had crashed a stolen vehicle. He searched a wooded area next to the road for anyone who matched the driver's description. After several minutes, he encountered Arnold in the woods. When ordered to show his hands, Arnold tried to flee. Arnold tripped and fell, allowing Officer Abad to arrest him.

Before and during the arrest, Officer Abad saw nothing in Arnold's hands. But after arresting Arnold, he located two small plastic containers where Arnold was lying when he first encountered him. Inside the containers were around 39 rocks of cocaine. On the outside, they were labeled with blue tape, "5" written on one and "10" on the other.

Officer Abad also found a gray and black Nike crossbody bag on the ground five to ten feet from Arnold. Inside, he found a loaded firearm and a small digital scale. The firearm was a gray-and-black SCCY CPX-1 9mm pistol. Officer Abad used the scale to weigh the suspected cocaine, which weighed 3.8 grams. In Officer Abad's experience, about half a gram of crack cocaine was a typical personal use amount. He found nothing in the woods or on Arnold's person that could facilitate the cocaine's consumption.

Arnold accused Officer Abad of "trying to jack [him] up." While seemingly gesturing toward the cocaine, the Nike bag, the firearm, and the scale, Arnold said, "when you was walking

through the woods, that's when y'all were discovering the shit that y'all got."

The Government introduced evidence that Arnold wore a Nike crossbody bag during the November 2019 carjacking and bank robbery. Special Agent Elizabeth Urban also testified to a cell phone extraction yielding a video of Arnold with a Nike crossbody bag and a firearm. During closing arguments, Arnold conceded there was "proof that there were pictures of [the Nike] bag and him."

The District Court found Arnold guilty of all counts. It found that Arnold's statements to Officer Abad after his arrest constituted an attempt to disclaim the cocaine, the Nike bag, the firearm, and the digital scales[1] and that Arnold later admitted ownership of the Nike bag and digital scales.[2]

The District Court concluded that "ample" evidence supported a finding that Arnold actually possessed the cocaine. It cited Arnold's initial false renunciation of the items found in the woods, and that the cocaine was found in a remote wooded area in the

---

[1] While it is not abundantly clear that Arnold's statement was intended as an attempt to disclaim all of the property found in the woods, he does not challenge this finding on appeal.

[2] The District Court's order does not cite where Arnold explicitly admitted ownership over these items. This finding is seemingly derived from Arnold's concession during closing arguments that photographs linked Arnold to the Nike bag, along with Arnold's failure to dispute his ownership of the Nike bag and its contents during the trial or pretrial proceedings. Arnold does not challenge this finding on appeal.

exact spot where Arnold was lying when Officer Abad first encountered him.  It also found that Arnold's prior drug dealings and contemporaneous possession of a loaded firearm and digital scale negated any inference that his proximity to the cocaine was accidental.

The District Court concluded that the trial evidence supported a finding that Arnold intended to distribute the cocaine.  In support, it cited the amount of cocaine, Arnold's possession of a digital scale, the lack of any items to consume cocaine, his prior drug dealings, and his attempted flight from Officer Abad.

The District Court also concluded that the evidence supported a finding that Arnold possessed a firearm in furtherance of drug trafficking.  It found that seven out of the eight factors outlined in *Timmons*[3] weighed against Arnold.  It found that the firearm here was loaded, easily accessible, illegally possessed, kept in the same bag as a digital scale, and kept near a controlled substance.

The District Court sentenced Arnold to 300 months of imprisonment followed by three years of supervised release.

## II. Discussion

### A. *Possession of Cocaine with Intent to Distribute*

Arnold argues there is insufficient evidence on which to sustain his convictions because the Government can't show he possessed the cocaine found in the woods or intended to distribute it.

---

[3] *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002).

We review sufficiency of the evidence claims de novo.[4]  *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009).  To determine whether evidence can support a conviction, we must view the evidence in the light most favorable to the Government and draw all reasonable inferences in favor of the verdict.  *Id.*

Sufficient evidence exists to support a conviction if a reasonable trier of fact could find that it establishes the defendant's guilt beyond a reasonable doubt.  *Id.* at 1284–85.  In rebutting the Government's evidence, it is insufficient for a defendant to merely propose a reasonable hypothesis of innocence.  *Id.* at 1285.  The crux of the matter lies not in whether a jury could reasonably have acquitted but in whether it could reasonably have established guilt beyond a reasonable doubt.  *Id.*

The test for sufficiency of the evidence is the same whether the evidence is direct or circumstantial.  *United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015).  But where the Government relied on circumstantial evidence, reasonable inferences must support the conviction.  *Id.*  A conviction will not be affirmed if it turns on "conjecture."  *United States v. Toler*, 144 F.3d 1423, 1433 (11th Cir. 1998).

To support a conviction for possession of a controlled substance with intent to distribute, the evidence must show that the

---

[4] A defendant in a bench trial need not make a motion for judgment of acquittal to preserve a sufficiency of the evidence challenge on appeal.  *United States v. Hurn*, 368 F.3d 1359, 1368 n.5 (11th Cir. 2004).

22-12165          Opinion of the District Court          7

defendant knowingly possessed the controlled substance with the intent to distribute it. *United States v. Faust*, 456 F.3d 1342, 1345 (11th Cir. 2006). Possession "may be constructive as well as actual and may be proven by circumstantial evidence." *United States v. Kincade*, 714 F.2d 1064, 1066 (11th Cir. 1983). Actual possession requires the Government to prove that the defendant had either physical possession of or personal dominion over the thing allegedly possessed. *United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996).

While physical proximity to an unlawful drug alone cannot establish actual possession, proximity plus other circumstantial evidence showing dominion or control may be sufficient, even with no evidence of physical contact between the defendant and the drug. *See United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998). We also recognize a connection between firearms and illegal drugs and have described firearms as tools of the trade in drug trafficking. *United States v. Martin*, 794 F.2d 1531, 1533 (11th Cir. 1986) (per curiam).

As for intent to distribute, that "can be proven circumstantially from, among other things, the quantity of cocaine and the existence of implements such as scales commonly used in connection with the distribution of cocaine." *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989) (per curiam).

The District Court's finding that Arnold knowingly possessed cocaine is supported by sufficient evidence. Arnold was discovered near the cocaine in a secluded wooded area, with a loaded firearm and digital scale nearby. The cocaine was located precisely

where Arnold had been lying before encountering Officer Abad. While Arnold contends that our precedents linking firearms to drug trafficking often involve large-scale operations, he cites no decision rendering them inapplicable in his case. Moreover, Arnold's attempted flight, past involvement in drug dealings, and initial false denial of the items found in the woods collectively strengthen the inference that he knowingly possessed the cocaine.

Likewise, the District Court's determination of Arnold's intent to distribute cocaine is supported by sufficient evidence. The court appropriately considered both Arnold's possession of a digital scale and the quantity of cocaine as circumstantial evidence of intent to distribute. Any suggestion that the cocaine was for personal use is undermined by the lack of items that could be used to consume it. Additionally, the District Court rightly regarded Arnold's prior drug dealings as "highly probative" of his intent to distribute. *See United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir. 1990).

### B. *Possession of a Firearm in Furtherance of Drug Trafficking*

Arnold asserts that the Government failed to present evidence sufficient to establish a nexus between his possession of the firearm and drug trafficking activity. To support a conviction under 18 U.S.C. § 924(c)(1)(A), the Government must prove that Arnold (1) knowingly (2) possessed a firearm (3) in furtherance of a drug trafficking crime, meaning the firearm "helped, furthered, promoted, or advanced" drug trafficking. *United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002). Ultimately, the Government must

22-12165          Opinion of the District Court                    9

show "some nexus between the firearm and the drug selling operation." *Id.* at 1253 (quotation marks omitted). Factors used to determine the presence of a sufficient nexus include (1) "the type of drug activity that is being conducted," (2) "accessibility of the firearm," (3) "the type of the weapon," (4) "whether the weapon is stolen," (5) "the status of the possession (legitimate or illegal)," (6) "whether the gun is loaded," (7) "proximity to the drugs or drug profits," and (8) "the time and circumstances under which the gun is found." *Id.* (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414–15 (5th Cir. 2000)).

The District Court's conclusion that Arnold's possession of the firearm was in furtherance of drug trafficking finds sufficient support in the evidence. Arnold's possession of a digital scale along with 3.8 grams of cocaine strongly implies involvement in drug distribution. Moreover, he illegally possessed a loaded and easily accessible firearm, discovered near a substantial quantity of cocaine—well beyond what typically relates to personal use—in a secluded wooded area late at night.

While the District Court correctly noted the inapplicability of one *Timmons* factor—whether the firearm was stolen—this is just one of eight factors pertinent to the analysis. Arnold's argument that the *Timmons* analysis should be confined to large-scale drug operations lacks merit, as our precedent does not endorse such a restrictive interpretation.

### III.  Conclusion

Because there is sufficient evidence to sustain Arnold's convictions for possession of cocaine with intent to distribute and possession of a firearm in furtherance of drug trafficking, the District Court's judgment is

**AFFIRMED.**